O. C. DEASE et al. *vs.* R. J. JONES, Administrator.

Cumulative disabilities are not allowed in the construction of the statute of limitations.

THIS is an appeal from the superior chancery court; Hon. Stephen Cocke, chancellor.

The facts of this case, as shown by the record, are, that M. Wall died intestate in Wayne county, Mississippi, in 1813 or '14, leaving Mary, his widow, and Arthur, John, Young, Rachel, now wife of Jefferson Fathree, Elizabeth, now wife of O. C. Dease, Micajah, Mary, now wife of John D. Fathree, and Nancy, wife of William Hopkins, eight heirs, and owed but few debts. The deceased, at his death, had considerable personal property. Mrs. Wall, the widow, and James Dupriest, took out letters of administration; and the widow took for her dower one third of the estate, when she was only entitled to a child's part, or one ninth. Two or three years after Wall's death, the widow married Dupriest, who took possession of what the widow had appropriated to herself for dower. It is not known whether the widow got dower upon an order of court, as the records of the probate court of Wayne county were subsequently burnt in 1821.

This bill was filed for a discovery as to the amount of property and its increase, and a legal division of the same among the heirs. The court below dismissed the bill, and complainants appealed.

*Miles & Battaile*, for appellants.

*Charles Scott*, for appellees.

*A. Hutchison*, on the same side.

James v. Elder.

Mr. Justice CLAYTON delivered the opinion of the court.

A single principle of law disposes of this case. The claim of the complainants is fully barred by the statute of limitations. Cumulative disabilities are not allowed in the construction of the statute. Angell on Lim. 207, 520.

There are also one or two other points which would probably prove fatal to the complainants, but it is unnecessary to examine them.

The decree dismissing the bill is affirmed.